UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 18-20237

vs.                                      HON. MARK A. GOLDSMITH

SHAMIMUR RAHMAN,

       Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT SHAMIMUR RAHMAN'S MOTION FOR**
**COMPASSIONATE RELEASE (Dkt. 152)**

This matter is before the Court on Defendant Shamimur Rahman's motion for compassionate release (Dkt. 152) due to the impact of the COVID-19 pandemic. Rahman argues that compassionate release is warranted because his age, Body Mass Index ("BMI"), and chronic obstructive sleep apnea place him at an increased risk of severe illness and death caused by COVID-19. The Government filed a response (Dkt. 155), and argues that Rahman is young and healthy, and there are no confirmed cases of COVID-19 where Rahman is incarcerated. Rahman has not filed a reply brief in support of his motion. For the reasons discussed below, Rahman's motion is denied.

                                                  **I.      BACKGROUND**

Rahman is currently serving his sentence at the Federal Correctional Institution ("FCI") in Morgantown, West Virginia. The Bureau of Prisons ("BOP") website does not list FCI Morgantown as one of its facilities with any cases of COVID-19, and the Government represents that there are no confirmed cases at the facility. Rahman notes that no "confirmed" cases is not the same as "no cases." Rahman points out that COVID-19 can be spread by individuals who are asymptomatic, and he asserts that the BOP does not have universal testing in place.

Rahman is forty-three years old and says he has an elevated BMI (32.3) and chronic sleep apnea, for which he has been prescribed a Continuous Positive Airway Pressure ("CPAP") machine. Mot. at 4. The Center for Disease Control ("CDC") has identified groups at higher risk for severe illness from COVID-19, including individuals over the age of 65 and individuals with BMIs over 40.[1]

The BOP has been given increased authority to place federal prisoners in home confinement based on threat posed by COVID-19, and it is conducting a case-by-case analysis of its inmates to evaluate the feasibility of home confinement. Resp. at 8-12. Although the BOP has a process in place to evaluate inmates who qualify for home confinement, Rahman seeks relief under the First Step Act.

## II. LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the

---

[1] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on June 17, 2020).

"Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

### III. ANALYSIS

Rahman argues that due to his age and medical conditions, he is particularly vulnerable to the COVID-19 pandemic, and, therefore, he seeks to serve the remainder of his time in home confinement Mot. at 11 n.8. The Government argues that Rahman's medical conditions and age do not warrant such relief. Resp. at 14-20. The Government has the better part of the argument.

Rahman may have an increased risk of suffering the more severe symptoms of COVID-19, but neither his age nor his medical conditions are necessarily contributing factors. According to the CDC, individuals aged sixty-five and older are at a higher risk for severe illness and death from COVID-19 due to weaker immune systems and underlying chronic diseases.[2] Rahman, at age forty-three, does not fall into this category of individuals. And even if Rahman's use of a CPAP machine increases his likelihood of contracting COVID-19, Rahman has not offered any evidence that his sleep apnea and use of a CPAP machine will result in the more severe symptoms of COVID-19.

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#people-aged-65%20years-and-older (last visited on May 27, 2020).

3

Rahman also argues that his BMI makes him more susceptible to COVID-19. According to the CDC's website, individuals with a BMI of 40 or above are at a higher risk for complications from COVID-19.[3] The increased risk is due to potential respiratory problems individuals with BMIs over 40 may have, which makes treating the respiratory complications caused by COVID-19 more difficult. The CDC also notes that individuals with BMIs over 40 may have other underlying health conditions, such as hypertension, which may increase the risk of serious illness from COVID-19. Rahman's BMI (32.3) falls well below the 40-BMI threshold, and Rahman has not identified any underlying medical conditions which may increase this risk of serious illness from COVID-19.

Rahman also argues that the high-density prison population makes the conditions of his confinement the ideal situation for COVID-19 transmission. Mot. at 5. That may be true. However, that generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of "extraordinary and compelling reasons" justifying compassionate release identified by the Sentencing Commission. There are no confirmed cases at Rahman's facility, he has not contracted the virus, and his medical conditions, in light of his relatively young age, do not fall in the category of illnesses with an end of life trajectory, or other reasons, under the guidelines. Home confinement would not be consistent with the policy statements issued by the Sentencing Commission.[4]

---

[3] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#severe-obesity (last visited on June 17, 2020).

[4] Even in the context of pretrial release—which is not confined by the stringencies of the "extraordinary and compelling reasons" standard applicable here—courts have not granted relief from custody without a strong showing that a prisoner has a significant risk of suffering harm from COVID-19. See, e.g., United States v. Wise, No. 18-20799, 2020 WL 1873364, at *3 (E.D. Mich. Apr. 15, 2020); United States v. Brown, No. 13-20337, 2020 WL 2092651, at *5-*7 (E.D. Mich. May 1, 2020).

Therefore, Rahman is not entitled to compassionate release.

## IV.   CONCLUSION

For the reasons stated above, Rahman's motion for compassionate release (Dkt. 152) is denied.

SO ORDERED.

Dated: June 18, 2020　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　 United States District Judge